Manuel A. LOPEZ, Plaintiff—
Appellant,

v.

COUNTRY INSURANCE & FINAN-
CIAL SERVICES; Sean Frey; Cindy
Frey, Wife; Marla Wacher; Mike
Still; Jane Doe Still, Wife, Defen-
dants—Appellees,

·and

Mike Seal; Jane Doe Seal,
Wife, Defendants.

No. 05–17147.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 17, 2007.*

Filed Oct. 23, 2007.

---

* The panel unanimously finds this case suitable
for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Manuel A. Lopez, Tucosn, AZ, pro se.

Charles L. Fine, Esq., Littler Mendelson, PC, Phoenix, AZ, for Defendants–Appellees.

Before: THOMPSON and TALLMAN, Circuit Judges, and DUFFY,** Senior Judge.

### MEMORANDUM ***

Manual A. Lopez ("Lopez") appeals the district court's summary judgment under Fed.R.Civ.P. 56(c) in favor of the defendants, Country Insurance & Financial Services, et al., ("CIFS"). Lopez asserted claims against CIFS under Title VII, 42 U.S.C. § 2000e–2(a), 42 U.S.C. § 1981 and 42 U.S.C. § 1985. He also alleged claims for breach of contract, wrongful discharge, bad faith, unfair labor practices, false light, "favoritism," and "interference with plaintiff's work performance." The district court granted summary judgment in favor of the defendants as to all of Lopez's claims. Because the parties are familiar with the facts and procedural history we do not include them here, except as necessary to explain our disposition. We have jurisdiction under 28 U.S.C. § 1291 and we AFFIRM.[1]

Lopez failed to submit any admissible evidence in opposition to the defendants' motion for summary judgment. *See* Fed. R. Civ. Pro. 56(e) ("When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.")[2]

*Title VII: Race, National Origin, and Religious Discrimination*

*Disparate Treatment*

■ To survive a summary judgment motion on his disparate treatment claim, Lopez was required to show that: 1) he was a racial minority; 2) he was qualified to remain in his job; 3) he was terminated; and 4) other similarly situated (non-minority) individuals were treated more favorably. *See Aragon v. Republic Silver State Disposal, Inc.*, 292 F.3d 654, 658 (9th Cir. 2002). Lopez did not show that he was qualified to remain in his job or that other non-minority employees were treated more favorably. Because he did not meet his burden of establishing a prima facie case of discrimination, we need not reach the questions of whether the employer had a legitimate non-discriminatory reason for its treatment of him or whether that reason was pretextual. *See McDonnell Doug-*

** The Honorable Kevin Thomas Duffy, Senior United States District Judge for the Southern District of New York, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. A district court's grant of summary judgment is reviewed de novo. *Qwest Commc'ns, Inc. v. Berkeley*, 433 F.3d 1253, 1256 (9th Cir.2006); *Rene v. MGM Grand Hotel, Inc.*, 305 F.3d 1061, 1064 (9th Cir.2002) (en banc), *cert. denied*, 538 U.S. 922, 123 S.Ct. 1573, 155 L.Ed.2d 313 (2003).

2. Because Lopez was representing himself *pro se*, had he signed his pleadings and/or mo- tions under penalty of perjury, the district court would have been required to treat them as evidence for the purpose of summary judgment. *See Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir.2004). *See also McElyea v. Babbitt*, 833 F.2d 196, 197 (9th Cir.1987) (verified pleadings admissible to oppose summary judgment); *Johnson v. Meltzer*, 134 F.3d 1393, 1399–1400 (9th Cir.1998) (verified motions admissible to oppose summary judgment); *Schroeder v. McDonald*, 55 F.3d 454, 460 n. 10 (9th Cir.1995) (pleading counts as "verified" if the drafter states under penalty of perjury that the contents are true and correct). Even if his pleadings *had* been verified, and treated as evidence, Lopez still did not meet his burden as to any of his claims.

las Corp. v. Green, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). The defendants' summary judgment motion was sufficient. Therefore, the district court's summary judgment in favor of the defendants on Lopez's Title VII claim for disparate treatment is AFFIRMED.

*Hostile Work Environment*

■ Lopez has not shown: "(1) that he was subjected to verbal or physical conduct of a racial or sexual nature; (2) that the conduct was unwelcome; and (3) that the conduct was sufficiently severe or pervasive to alter the conditions of [his] employment and create an abusive work environment." *Gregory v. Widnall,* 153 F.3d 1071, 1074 (9th Cir.1998). The showing made by the defendants on this claim was sufficient. Accordingly, we AFFIRM the district court's summary judgment in favor of the defendants on Lopez's hostile work environment claim.

*42 U.S.C. § 1981*

■ Because the analysis under 42 U.S.C. § 1981 is the same as that for disparate treatment under Title VII, Lopez's claim under § 1981 also fails. *See Fonseca v. Sysco Food Svcs. of Ariz.,* 374 F.3d 840, 850 (9th Cir.2004). We AFFIRM the district court's summary judgment in favor of the defendants on this claim.

*42 U.S.C. § 1985*

■ The district court also correctly granted summary judgment in favor of the defendants on Lopez's 42 U.S.C. § 1985 conspiracy claim because he failed to show "(1) that some racial ... invidiously discriminatory animus [lay] behind the conspirators action ... and (2) that the conspiracy aimed at interfering with rights that are protected against private, as well

as official, encroachment." *Butler v. Elle,* 281 F.3d 1014, 1028 (9th Cir.2002) (internal quotations omitted). The defendants' motion for summary judgment was sufficient.

*Breach of Contract, Wrongful Discharge, and Bad Faith*

■ Lopez's breach of contract and wrongful discharge claims are governed by Arizona statutory authority, namely the Employment Protection Act, ARS § 23–1501. *See Cronin v. Sheldon,* 195 Ariz. 531, 991 P.2d 231, 235 (1999). ARS § 23–1501(2) provides, "The employment relationship is severable at the pleasure of either the employee or the employer unless both the employee and the employer have signed a written contract to the contrary...." There was no signed written contract to the contrary. Thus, CIFS was free to terminate Lopez at anytime so long as that termination did not violate public policy. *See* ARS § 23–1501. Lopez also signed the Trainee Agent Agreement with CIFS that specifically stated that his employment was at will. Because he did not establish that his termination violated public policy, his claims for breach of contract and for wrongful termination fail. *See* ARS § 23–1501(3)(b).[3]

■ Lopez's bad faith claim was also properly dismissed because "there is no general tort for bad faith arising out of the termination of employment contracts recognized under Arizona law." *Fallar v. Compuware Corp.,* 202 F.Supp.2d 1067, 1076 (D.Ariz.2002).

*Unfair Labor Practices*

■ Lopez failed to make any showing that his employer, "interfere[d] with, restrain[ed], or coerce[d] employees in the exercise" of their rights to "self-organization, to form, join, or assist labor organizations, to bargain collectively through rep-

---

**3.** Summary judgment in favor of the defendants was also proper because Lopez failed to file his claims within the one year statute of limitations period. *See* ARS § 12–541.

resentatives of their own choosing, and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection." 29 U.S.C. §§ 157–158. The defendants' showing sufficiently negated such a claim. Accordingly, we AFFIRM the district court's summary judgment in favor of the defendants as to this claim.[4]

*False Light*

■ Lopez has not shown that the defendants, "[gave] publicity to a matter concerning [him] that place[d] [him] before the public in a false light," that "(a) the false light in which [he] was placed would be highly offensive to a reasonable person, and (b) [the defendants] had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which [he] would be placed." *Hart v. Seven Resorts Inc.*, 190 Ariz. 272, 947 P.2d 846, 854 (Ariz.Ct.App.1997). The defendants showing to the contrary was sufficient. Thus, the district court's summary judgment in favor of the defendants on this claim is AFFIRMED.

*"Favoritism" and "Interference with Plaintiff's Work Performance"*

■ There are no independent causes of action for "favoritism" or for "interference with [an employee's] work performance." The district court properly dismissed these claims.

AFFIRMED.

---

4. Even if Lopez had made such a showing, summary judgment in favor of the defendants was proper because the National Labor Relations Board has exclusive primary jurisdiction (with limited exceptions) over claims that even arguably fall under the National Labor Relations Act ("NLRA"), and Lopez failed to bring this claim within the six month limita-

tions period required by the NLRA. *See San Diego Bldg. Trades Council v. Garmon*, 359 U.S. 236, 244, 79 S.Ct. 773, 3 L.Ed.2d 775 (1959); 29 U.S.C. § 160.

